**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 02-cv-00263-WYD-MJW

WILMER KERNS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SPECTRALINK CORPORATION,
BRUCE HOLLAND,
NANCY K. HAMILTON, and
MICHAEL P. CRONIN,

    Defendants.

---

**ORDER**
_____

    On October 7, 2004, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated June 1, 2004 (the "Stipulation") and the Plan of Allocation. This Court directed the parties to consummate the terms of the Stipulation and the Plan of Allocation and retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claims and the distribution of the Net Settlement Fund to the Authorized Claimants.

    Upon reading the Affidavit of Jennifer M. Keough of The Garden City Group, Inc. (the Claims Administrator), and the Unopposed Motion for Distribution of Class Settlement Fund, and upon all prior proceedings herein and after due deliberation, it is hereby

ORDERED that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Jennifer M. Keough, including claims submitted after November 15, 2004 through and including December 15, 2006, are approved for acceptance.  It is

FURTHER ORDERED that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Jennifer M. Keough, are approved for rejection.  It is

FURTHER ORDERED that The Garden City Group, Inc. be paid the sum of $133,432.62 from the Settlement Fund for its fees and expenses incurred (and to be incurred) in connection with the services performed (and to be performed) in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claims, and administering and distributing the Settlement Fund.  It is

FURTHER ORDERED that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Jennifer M. Keough in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout.  It is

FURTHER ORDERED that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact

any eligible claimant who has not cashed his, her, or its distribution within said time.  It is

FURTHER ORDERED that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.  It is

FURTHER ORDERED that, as provided in the Plan of Allocation previously approved by the Court, after one (1) year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.  It is

FURTHER ORDERED that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim

against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.  It is

FURTHER ORDERED that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one (1) year after the initial distribution of the Net Settlement Fund to the eligible claimants, and electronic or magnetic media data not less than three (3) years after the initial distribution of the Net Settlement Fund to the eligible claimants.  It is

FURTHER ORDERED that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.  It is

FURTHER ORDERED that no claim submitted after December 15, 2006 may be accepted for any reason whatsoever.

Dated:  January 18, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge